Parker C. J.
delivered the opinion of the Court. We think the defendants are not liable in this action, they having accepted the bill which is in suit, entirely for the accommodation of John R. Bradford, by whose order and for whose use it was drawn, and who had agreed to place funds in the bank in New York to meet it when due. The plaintiff knew of this arrangement, and therefore is not entitled to recover, if he is indemnified from another source.
*162 It appears by the authorities, that a bona fide holder of a bill accepted for the accommodation of the drawer, may recover of the acceptor, although he knew it was not drawn on account of funds ; but if he is secured or indemnified by the drawer, there is no reason to allow him to recover of the ac ceptor, and thus drive the acceptor to an action against the drawer.
In this case it appears, that provision is made in the assignment of the drawer, for indemnity to the plaintiff for all liabil•ities on bills, &c. and it is agreed in the case, that the funds are sufficient to indemnify the plaintiff, and that the trustees are ready to pay him the full amount of this bill whenever it shall be decided that he cannot recover of the defendants. There is no reason in compelling the defendants to pay him, in order to release that portion of the funds for other creditors, and oblige the defendants to come in among the unpreferred creditors to obtain probably a small part, and perhaps nothing, of their debt so created.
The cases cited by Mr. Rand, to show that the acceptor of an accommodation bill is always answerable for the amount of the bill until it is paid or a release is given, were well decided under their particular circumstances, and perhaps are founded on a good general rule ; but there are exceptions, the justice of which is as manifest as that of the rule.
If the holder has in his hands funds of the drawer who is the real debtor, with a right to apply them to the discharge of the bill, he can have no right to call on the acceptor. Indeed the bill ought to be considered then as paid. Now we consider the appropriation of the proceeds of the effects of John R. Bradford to the payment of the plaintiff as indorser of this bill, in the same light as if the money was in his own hands. It is so appropriated by the assignment, and the money is at the command of the plaintiff whenever he chooses to receive it.
The case cited from 5 Esp. R. 178, to show that the acceptor was liable notwithstanding a deed of composition in which the holder of the bill was provided for, and he had discharged the drawer, is without doubt good law, for the holder having received less than the whole debt, has a right to call on *163 the acceptor for the residue, and his discharge of the drawer does not affect the acceptor’s claim upon him. The principle of the case we admit, but it does not govern this case, for here the whole debt is paid into the hands of trustees, who hold it for the use of the plaintiff.
The proceedings of the defendants in Virginia, whereby they attempted to secure themselves out of debts due there to John R. Bradford, by a process in chancery, does not affect their liability in this action. The process itself shows, that it is intended only as an indemnity against eventual liability, for the defendants are under bonds to restore the money, if it shall be so ordered by the court. Their charge of the acceptance in their account, did not, under the circumstances, fix them upon the bill, for their contingent liability was a sufficient reason for the charge and for the measures taken for their security. Neither does their indebtedness in a balance of account at the time they accepted the bill, affect the case, as the bill had no reference to that balance, and was manifestly a mere accommodation bill.
We think it very clear that the defendants are not liable in this action. The motion to take off the nonsuit is therefore overruled.